UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RURID JAMES, JR. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.: |
| | * | |
| RONALD WEST, NAS TRANSPORTATION SERVICES, LLC, AMERICAN SENTINEL INSURANCE COMPANY AND ILLINOIS INSURANCE COMPANY | * * * * * * | SECTION:<br><br>JUDGE:<br><br>MAG JUDGE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **NOTICE OF REMOVAL**

NOW COME defendants, Ronald West and NAS Transportation Services, LLC, to file this Notice of Removal to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1441(b) ("Removal based upon diversity of citizenship") on the following grounds:

1.

On March 15, 2022, a Petition for Damages was filed on behalf of Rurid James, Jr. in the 18th Judicial District Court, Parish of West Baton Rouge, Docket No. 1047326, Division "B" and styled *Rurid James, Jr. vs. Ronald West, NAS Transportation Services, LLC, American Sentinel Insurance Company and Illinois Insurance Company.*[1] Attached is a copy of all records filed with the 18th Judicial District Court.[2]

---

[1] *See* Petition, Bates 000002, State Court Record (Exhibit 1).
[2] *See* State Court Record (Exhibit 1).

2.

An Answer was filed on behalf of Ronald West and NAS Transportation Services, LLC on July, 21, 2022.[3]  An Answer was filed on behalf of American Sentinel Insurance Company on July 27, 2022.[4]

3.

As alleged in the Petition, Rurid James, Jr. claims he sustained "contusions and trauma to the body" and general and special damages as a result of the accident which is the subject of his suit, including:  physical and mental pain (past, present and future); physical, anatomical, functional disability and/or impairment; loss of enjoyment of life; medical expenses (past, present and future); loss of income and earning capacity; and property damage.[5]  However, the Petition does not state the exact nature of plaintiff's alleged injuries or the extent of medical treatment which he allegedly received due to the subject accident, and does not limit his damages to an amount below the threshold for this Court to exercise jurisdiction.

4.

Thus, diversity jurisdiction of this Court over this matter was not apparent on the face of plaintiff's Petition.

5.

The United States District Court for the Middle District of Louisiana is the federal district embracing the 18th Judicial District Court for the Parish of West Baton Rouge,

---

[3] *See* Answer on behalf of Ronald West and NAS Transportation Services, LLC, Bates 000017, State Court Record (Exhibit 1).
[4] *See* Answer on behalf of American Sentinel Insurance Company, Bates 000027, State Court Record (Exhibit 1).
[5] *See* Petition Paragraphs X and XI, Bates 000004, State Court Record (Exhibit 1).

State of Louisiana, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a) and 28 U.S.C. §98(b).

6.

As set forth in the Petition for Damages, at the introductory paragraph, plaintiff, Rurid James, Jr. is a resident and domiciliary of the Parish of Pointe Coupee, State of Louisiana.[6]

7.

Defendant, Ronald West, is a citizen, resident and domiciliary of the State of Texas.[7] American Sentinel Insurance Company is an insurance company domiciled in, and organized under the laws of, the State of Pennsylvania, and maintains its principal place of business in the State of Pennsylvania. Illinois Union Insurance Company is domiciled in, and organized under the laws of, the State of Illinois, and maintains its principal place of business in the State of Illinois. American Sentinel Insurance Company and Illinois Union Insurance Company both consent to this removal.[8]

8.

NAS Transportation Services, LLC is a limited liability company organized under the laws of the State of Texas. The sole member of the LLC is Henok Kifle. Henok Kifle is a citizen of, resident of, and domiciled in, the State of Texas. The citizenship of an LLC is determined by the citizenship of all of its members.[9] Thus, NAS Transportation Services, LLC is a citizen of the State of Texas.

---

[6] *See* Petition's Introductory Paragraph, Bates 000002, State Court Record (Exhibit 1).
[7] *See* Petition at Paragraph I(A), Bates 000002, State Court Record (Exhibit 1).
[8] *See* Consents to Removal from American Sentinel Insurance Company and Illinois Union Insurance Company (Exhibits 2 and 3, respectively).
[9] *See Harvey v. Grey Wolf Drilling Company*, 542 F.3d 1077, 1080 (5th Cir. 9/15/08).

9.

Thus, each of the defendants is domiciled in a foreign state. Complete diversity exists between the Louisiana plaintiff and the foreign defendants.

10.

Pursuant to 28 U.S.C. § 1332, this Honorable Court has jurisdiction over any matter in which the parties are citizens of different states and where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.[10]

11.

Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal of a civil action shall be filed within 30 days after receipt by the defendant, through service or otherwise, of the copy of the initial pleadings setting forth the claim for relief upon which such action or pleading is based, or within 30 days after service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.[11] However, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable.[12]

12.

---

[10] *See* 28 U.S.C. § 1332(a).
[11] *See* 28 U.S.C. § 1446(b)(1).
[12] *See* 28 U.S.C., § 1446(b)(3)(emphasis added).

Undersigned counsel received a demand letter from plaintiff's counsel via email on January 23, 2023.[13]

13.

This demand was increased by a supplemental demand letter received via e-mail by undersigned counsel on January 31, 2023.[14]

14.

The demand and supplemental demand letters make it clear that plaintiff's recoverable medical bills are $15,483.27, and his past lost wages are $62,416.67. These two categories of damages based on plaintiff's medical bills and W-2 forms indicate that plaintiff's claimed damages are at least $77,899.94. Thus, the amount in controversy required for federal jurisdiction to exist is already met. Additionally, considering only one of plaintiff's alleged injuries (his fractured heel/ankle), plaintiff's demand and supplemental demand letters include reference to a general damage award in a similar case of $185,000.[15] This amount does not take into account the future lost wage claim, which is even more substantial. Thus, according to plaintiff's demand letter, the amount in controversy is substantially greater than the $75,000 threshold required for the Court to exercise diversity jurisdiction over this matter.

15.

However, even if the case cited by plaintiff in support of his general damages demand is considered excessive, other heel/ankle fracture cases support general damage awards, which when added to past medical damages and past lost wages, would

---

[13] *See* Demand Letter dated January 23, 2023 (Exhibit 4).
[14] *See* Supplemental Demand Letter dated January 31, 2023 (Exhibit 5).
[15] *Wynne v. Trotter*, 46 So.3d 678 (La. App. 4 Cir. 6/30/10).

-5-

satisfy the amount in controversy requirement. For instance, a plaintiff was awarded $40,000 in general damages for a heel fracture with subtalar arthritis and chronic foot and ankle pain.[16] Similarly, a plaintiff was awarded $50,000 for an avulsion fracture of her ankle, undergoing physical therapy for several months and complaints of lingering symptom and reduction in activities.[17] Thus, even if general damage awards were substantially lower, when combined with past medical bills and past lost wages, the amount in controversy well exceeds the $75,000 threshold.

16.

The Fifth Circuit has held that "a post-complaint letter, which is not plainly a sham, may be 'other paper' under § 1446(b).[18] Thus, the action became removable as of receipt of plaintiff's demand letter indicating he is seeking more than $75,000 in damages.

17.

Promptly after filing the Notice of Removal, defendants will serve written notice on the adverse parties, through their attorney of record, a copy of the Notice of Removal being filed with the Clerk of Court for the 18th Judicial District Court for the Parish of West Baton Rouge, to effect removal of this action, all in compliance with 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants, Ronald West and NAS Transportation Services, LLC, pray that the above-described civil action be removed from the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, to this Honorable Court; that this Court enter such orders and issue such process as may be necessary and proper to bring before it a copy of all records in the proceeding presently pending before the aforesaid

---

[16] *See Steadman v. Georgia-Pacific Corp.*, 672 So.2d 420 (La. App. 1 Cir. 4/6/96).
[17] *See Matlock v. City of Shreveport*, 58 So.3d 1131 (La. App. 2 Cir. 3/11/11).
[18] *See Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (footnote omitted).

state court, and thereafter proceed with the civil action as if it were originally commenced in this Court, and for all necessary and appropriate orders and decrees in accordance with the applicable law.

       Respectfully submitted:

       GAUDRY, RANSON, HIGGINS
        & GREMILLION, LLC


  BY:    */s/ John J. Danna, Jr.*
      WADE A. LANGLOIS, III, T.A. (#17681)
      JOHN J. DANNA, JR. (#28894)
      KAYLYN E. BLOSSER (#38673)
      401 Whitney Ave., Suite 500
      Gretna, LA  70056
      Telephone:  504-362-2466
      Fax:  504-362-5938
      Email: wlanglois@grhg.net
         jdanna@grhg.net
         kblosser@grhg.net

      -and-

      THOMAS W. DARLING (#23020)
      GAUDRY, RANSON, HIGGINS &
       GREMILLION, LLC
      2223 Quail Run Drive, Suite C-2
      Baton Rouge, LA  70808
      Telephone:  225-663-6101
      Fax:  225-663-6102
      Email: tdarling@grhg.net

      *Attorneys for defendants, Ronald West and NAS Transportation Services, LLC*

-8-

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system on this 22nd day of February, 2023. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                                */s/ John J. Danna, Jr.*
                                                JOHN J. DANNA, JR.

G:\4173\0001 - Rurid James\Pleadings\MDLA\Notice of Removal.docx